**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| MARTHA FAYE EVERSON | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-97 (WLS) |
| | : | |
| CITY OF ALBANY | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

      Presently pending before the Court is Defendant City of Albany's Motion to Strike (Doc. 44) and Motion for Summary Judgment (Doc. 28.)  For the following reasons, Defendant's Motion to Strike is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

**PROCEDURAL BACKGROUND**

      Plaintiff Martha Faye Everson filed her complaint in the above-captioned matter on June 22, 2012, asserting claims under Title VII of the Civil Rights Acts (hereinafter "Title VII"), as amended at 42 U.S.C. §2000(e), *et seq.*, for race discrimination and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, for age discrimination.  Plaintiff contends she was discharged from her position as Human Resources ("HR") Administrator on March 11, 2010, due to her race and age. (Doc. 1, at ¶ 8.)  On August 11, 2012, Defendant answered Plaintiff's complaint. (Doc. 6.)

      On October 7, 2013, Defendant moved for Summary Judgment. (Doc. 28.) According to Defendant, Plaintiff's discharge was a result of falsifying her employment

1

application, a non-discriminatory reason. (Doc. 30.)  On November 25, 2013, Plaintiff filed her Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. 38.)  On the same day Plaintiff filed her Response, she also attached several affidavits and depositions, including that of the Director of HR when she was hired, Mary Lamont ("Lamont"). (Docs. 40-2, 40-13.)

On December 20, 2013, Defendant filed its Reply to Plaintiff's Response. (Doc. 43.) Along with its Response, Defendant filed a Motion to Strike the Deposition of Mary Lamont. (Doc. 44.)  Defendant argues several statements made by Lamont during her deposition fail to comply with Fed. R. Civ. P. 56 and Fed. R. Evid. 602.  Plaintiff did not file a response to Defendant's Motion to Strike.

## DISCUSSION

### I.  Defendant's Motion to Strike

Defendant moves to strike Lamont's deposition, specifying particular statements allegedly not in accordance with Fed. R. Civ. P. 56 and Fed. R. Evid. 602. (Doc. 44.)  The Court did not rely upon the specified statements noted by Defendant in Lamont's deposition (Doc. 40-13) in its analysis of Defendant's Motion for Summary Judgment.  Therefore, Plaintiff's Motion to Strike is **DENIED as MOOT**.

### II. Defendant's Motion for Summary Judgment

### A.  Summary Judgment Standard

#### a.  <u>Federal Rule of Civil Procedure 56</u>

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, No. 12-15994, 2014 WL 92094, *3 (11th Cir. Jan. 10, 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F.

2

App'x 902, 904 (11th Cir. 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

   The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *See Celotex*, 477 U.S. at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.' "  *Matsuhita*, 475 U.S. at 586 (citations omitted).  Instead, the nonmovant must point to record evidence that would be admissible at trial.  *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form").  Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant.  *See* Fed. R. Civ. P. 56(c)(4).

   On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  *See Celotex*, 477 U.S.

at 322-23; *Allen*, 121 F.3d at 646.   However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).

### b. Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the
> response a separate and concise statement of material facts, numbered
> separately, to which the respondent contends there exists a genuine issue
> to be tried.   Response shall be made to each of the movant's numbered
> material facts.    All material facts contained in the moving party's
> statement which are not specifically controverted by the respondent in
> respondent's statement shall be deemed to have been admitted, unless
> otherwise inappropriate.

M.D. Ga. L.R. 56.   Here, Defendant properly filed a summary judgment motion with a statement of undisputed facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Likewise, Plaintiff filed the proper response to Defendant's Statement of Facts and Memorandum.   Having established the applicable standards, the Court will proceed with reviewing the Motion's merits.

### B.  Relevant Factual Summary[1]

Plaintiff, a Caucasian female, applied for an available HR Administrator position with the City of Albany in August 2009.   (Doc. 34, at 77.)   The job opening advertisement for the HR Administrator position Plaintiff applied for, required specific qualifications:

---

[1] The following facts are derived from the Complaint (Doc. 1); Defendant's Statement of Undisputed Facts (Doc. 29); Plaintiff's Response to Defendant's Statement of Undisputed Facts (Doc. 39); and the Records in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in the light most favorable to the Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Associate's Degree in Human Resources, Business Administration, Business Management, or closely related field; supplemented by 3 years of benefit administration, benefits claims processing, and pension administration experience, PHR certification and Bachelor's degree preferred."

(Doc. 28-1, at 12.)

Plaintiff did not have a college degree.  (Doc. 33, at 26  ¶¶2-4.)  Nevertheless, aware of Defendant's requirement but not viewing it as a bar to applying, Plaintiff submitted her employment application.  (*Id.*, at ¶¶6-9.)  Plaintiff stated she majored in accounting and graduated from Albany Technical College ("ATC") with a vocational degree.  (Doc. 34, at 77.)  Plaintiff's application also included a lengthy resume, with over ten years of payroll and benefits administration experience.  (Doc. 34, at 78.)  After submitting her application, Plaintiff was interviewed by six people working for Defendant, including HR Director Mary Lamont, for the open HR Administrator position.  (Doc. 33.)  During that interview, Plaintiff claims she told every person interviewing her she did not have a degree.  (Doc. 33, at ¶¶12-18.)  On September 25, 2009, Plaintiff was offered the position of HR Administrator by Defendant.  (Doc. 34, at 81; Doc. 39, at ¶21.)  Soon thereafter, Plaintiff accepted the position.  (*Id.*)  On October 19, 2009, Plaintiff began working for Defendant. (Doc. 29, at 23.)

When Plaintiff began working for Defendant, Beverly McCrimmon ("McCrimmon"), an African-American woman, had already worked for Defendant in the HR Department as well for close to twelve years.  (Doc. 28-2, at ¶24; Doc. 29, at ¶25.)  On February 25, 2010, McCrimmon filed a grievance with her immediate supervisor, Niger Thomas ("Thomas"), against HR Director Lamont alleging racial discrimination as a result of disparities in her pay in relation to Plaintiff.  (Doc. 28-2, at 28; Doc. 29; at ¶27.)  On March 1, 2010, McCrimmon filed a formal racial discrimination and pay grievance against Lamont with Defendant.  (*Id.*, at ¶30.)  After receiving McCrimmon's written grievance against Lamont, Albany City Manager Alfred Lott ("Lott"), directed Lamont to not participate in investigating McCrimmon's racial

discrimination and disparate pay grievance.   (Doc. 32, ¶32.) During Defendant's investigation, Lott concluded Plaintiff falsified her employment application and should have her employment terminated as a consequence. (Doc. 40-5, at 2-7.)

On March 11, 2010, at the direction of Lott, Lamont met with Plaintiff and presented her with a formal letter of discharge.  (Doc. 29, at ¶33; Doc. 34, at 88.)  Lamont's formal letter of termination claimed possession of an Accounting Diploma was not equivalent to the required Associate Degree required for the position of HR Administrator, and as a result she would be discharged. (Doc. 34, at 88.)  On the same day, Lamont verbally shared with Plaintiff she was discharged because her employment application indicated she had a degree when she did not.  (Doc. 33, at 74 ¶19-24.)  On March 12, 2010, one day later, Lott sent a second letter of termination stating that because Plaintiff's employment application was falsified her "employment with the City of Albany had been terminated." (Doc. 34, at 90.) Plaintiff was 61 years old when her employment was terminated by Defendant.  (Doc. 39, at 9.)

On March 17, 2010, Plaintiff submitted an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire alleging she was discharged as a result of her age and race.  (Doc. 34, at 94.)  On April 29, 2010, formal charges alleging the same claims as Plaintiff's questionnaire were filed and received by the EEOC.  (Doc. 34, at 102.)  On August 9, 2010, after formal charges were filed by Plaintiff with the EEOC, Maxine S. Ricks ("Ricks"), a 54 year old African-American female, was hired for Plaintiff's former position. (Doc. 22-2, at 7.)

On June 22, 2012, after receiving her Notice of Right to Sue, Plaintiff filed a complaint in the above-captioned matter relying on the same race and age discrimination claims in her EEOC charge.  On October 7, 2013, Defendant filed the Motion for Summary Judgment presently before the Court.

**C.  Analysis of Plaintiff's Age & Race Discrimination Claims**

6

Defendant contends both Plaintiff's age and race discrimination claims should be dismissed.  Generally speaking, courts' review of proof in age discrimination claims pursuant to ADEA is similar to their review of race discrimination claims under Title VII. *Hairston v. Gainesville Pub. Co.,* 9 F.3d 913, 919 (11th Cir. 1993).  Plaintiffs attempting to prove age or race discrimination may do so through three generally accepted methods: (1) direct evidence of discriminatory intent, (2) circumstantial evidence satisfying the burden-shifting framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), or (3) statistical proof. *Carter v. City of Miami,* 870 F.2d 578, 581 (11th Cir. 1989).  Since Plaintiff offers no direct proof or statistical evidence to support either her race or age discrimination claims, the Court will review the circumstantial evidence within the burden-shifting framework established in *McDonnell Douglas Corp.*  Under this framework, in order to establish a *prima facie* case of discrimination under Title VII or ADEA, a plaintiff must show she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was similarly situated to employees outside of her protected class were treated more favorably or she was replaced by someone outside of their protected class. *Rice-Lamar v. City of Ft. Lauderdale,* 232 F.3d 836, 842 (11th Cir. 2000).  Only after the plaintiff establishes a *prima facie* case of discrimination, creating a presumption of discrimination, does the burden shift to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action to rebut the presumption.  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998).

### a.  Plaintiff's Prima Facie Case for Race and Age Discrimination

Defendant concedes Plaintiff established a *prima facie* case for race discrimination[2] but argues Plaintiff cannot establish a *prima facie* case for age discrimination.  Specifically, while Defendant concedes Plaintiff is a member of a protected class, was qualified for the position,

---

[2] For the record, Defendant concedes a *prima facie* case showing race discrimination for summary judgment purposes only.  (Doc. 30, at 10) ("[T]he Defendant City will not contest that Everson can demonstrate a prima facie case of race discrimination under the standards set forth above.")

and suffered an adverse employment action, Defendant contests the assertion a similarly situated, "substantially younger person" was treated more favorably.

"Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."  *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313 (1996).   In the Eleventh Circuit, no clear delineation of what actually makes someone substantially younger exists.  *See e.g. Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359-60 (11th Cir. 1999) (finding a five year age difference substantially younger for ADEA purposes).   Courts have found an age difference of less than 7 years, the difference between Plaintiff and her replacement Ricks, proof that a replacement was substantially younger. *See Id.*; *See also Carter*, 870 F.2d at 582-83 (finding three year difference between plaintiff and her replacement sufficient).  As a result, reviewing the evidence in a light most favorable to the non-moving party, the Court will proceed with its analysis since Plaintiff has also put forward a *prima facie* case for age-discrimination as well.

### b.  Defendant's Rationale for Plaintiff's Discharge

Since Plaintiff has established a *prima facie* case for both age and race discrimination, the burden shifts to the Defendant to establish a legitimate, non-discriminatory reason for Plaintiff's discharge.  *Standard*, 161 F.3d. at 1331.  Defendant meets its burden by producing admissible evidence sufficient to justify a ruling in its favor.  *Walker v. Mortham*, 158 F.3d 1177 (11th Cir. 1998).  While Defendant's burden is not an onerous one, and there is no need to persuade the Court on the legitimacy of its proffered reasons for discharge, Defendant must put forward tangible evidence suggesting a legitimate, non-discriminatory reason for Plaintiff's firing.  *Id.*

In the Court's view, Defendant meets this burden.   Defendant's job opening advertisement for HR Administrator required an Associate's Degree.  (*See* Doc. 28-1, at 12.) Plaintiff, cognizant of this requirement and without a college degree, applied nevertheless.

(Doc. 33, at ¶2-4.)   It is undisputed that Plaintiff also submitted a job application indicating she graduated from ATC with a degree, allegedly giving Defendant the impression she met the requisite stated qualifications.  (Doc. 34, at 77.)   It is also not disputed that falsifying records, pursuant to Defendant's employment policies, is considered sufficient grounds for discharge of an employee.  (Doc. 22-2, at 29.)

After a thorough review of the evidence supporting Defendant's asserted legitimate, non-discriminatory reason for discharge, the Court finds Defendant's rationale sufficient to rebut Plaintiff's initial claims of discrimination based on race and gender.

### c.  Plaintiff's Contention Defendant's Rationale is Pretext

After a defendant articulates a legitimate, non-discriminatory reason for its action, the burden shifts back to plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 804.  Plaintiff, in meeting her burden, must demonstrate that the reasons stated for her discharge by Defendant is pretext.  *Id.*  Plaintiff can demonstrate pretext by exposing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" with defendant's rationale.  *Springer v. Convergys Customer Mgmt. Group Inc.,* 509 F.3d 1344, 1349 (11th Cir. 2007).  Arguments showing pretext are unsuccessful unless there is a showing that the reasons supporting discharge were false and discrimination was the real reason.  *Id.* (citations omitted).  In applying the *McDonald Douglas Corp.* framework, courts evaluate whether a triable issue of fact exists after viewing the circumstantial evidence in a light most favorable to plaintiff. *Sims v. MVM, Inc.* 704 F.3d 1327, 1333 (11th Cir. 2013).

Plaintiff puts forward several disorganized and muddled arguments to prove pretext. First, Plaintiff puts forward an unsubstantiated argument under the cat's paw theory.  The cat's paw theory also referred to as a "subordinate bias theory", holds an employer liable for the discriminatory animus of a supervisor not charged with making the ultimate employment decision.  *Sims*, 704 F.3d at 1336, n.6.  The cat's paw theory occurs when a "seemingly unbiased decisionmaker makes an adverse employment decision that was in part motivated by a biased subordinate." *Davis v. Omni-Care, Inc.*, 482 Fed. App'x 102, 109 (6th Cir. 2012).

9

Cat's paw theory is only successful where a nondecisionmaker with discriminatory animus has singular influence on the decisionmaker terminating an employee. *Staub v. Proctor Hosp.*, 131 S.Ct. 1186, 1190 (2011).

Plaintiff, in attempting to rely on a cat's paw theory to show pretext, makes an argument unavailable to her. Lott made a singular decision, after finding out that contrary to Plaintiff's employment application she did not have a degree, to terminate her employment. Nowhere in the Record is there any inference suggesting Lott's decision was influenced. Perhaps this is why Plaintiff, while raising the cat's paw argument, offers no evidence of Lott being influenced by any sort of animus whatsoever. As a result, Plaintiff's cat's paw argument is without any merit.

Rather than put forward credible arguments, Plaintiff conflates race and gender discrimination with the general fairness of her termination. Plaintiff suggests Defendant knew she did not graduate and chose to hire her nevertheless, waiving its degree requirement. Therefore, Plaintiff argues, any suggestion Lott terminated her for failing to meet the education requirements is a cover-up for race and gender discrimination. (Doc. 38, at 11.) This argument fails as well. Even viewing the arguments and evidence presented by Plaintiff as true, the idea revealing she lacked a degree to six people during an interview where none of those six individuals responded to or accepted such statement, is not enough to infer acceptance of her falsification. Even if Plaintiff was qualified, the facts before this Court are undisputed. Plaintiff chose to disregard the qualifications outlined in Defendant's job qualification description and was fired by Lott on that basis. Determining the prudence or fairness of Defendant's discharge is not the Court's task here; instead, the Court is mandated with strictly looking at the discriminatory motive. *See Damon,* 196 F.3d at 1361 ("We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.") (citations omitted). No evidence before the Court contradicts Defendant's claim that as a result of inaccuracies in Plaintiff's employment application, it

fired her.  Therefore, the Court finds no genuine issue of material fact remains as to the reasons for Plaintiff's demotion.

Accordingly, Defendant is entitled to summary judgment as to Plaintiff's race and age discrimination claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is **DENIED**.  (Doc. 44.) Defendant's Motion for Summary Judgment is **GRANTED**.  (Doc. 28.)  It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing by his Complaint (Doc. 1), and **JUDGMENT** shall be entered in favor of Defendant.


**SO ORDERED**, this  30th  day of September, 2014.


/s/ W. Louis Sands

**W. LOUIS SANDS,  JUDGE**
**UNITED STATES DISTRICT COURT**

11